# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELADIO GONZALES GARCIA,<br>Plaintiff,<br>v.<br>MANUEL PEREZ,<br>Defendant. | Case No. 1:26-cv-6644-KES-BAM (PC)<br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS<br>(ECF Nos. 1, 16)<br>**FOURTEEN (14) DAY DEADLINE** |

## I. Background

Plaintiff Eladio Gonzales Garcia ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On September 9, 2026, the Court screened Plaintiff's complaint and found that it stated a cognizable claim against Defendant Manuel Perez in his individual capacity for excessive force in violation of the Eighth Amendment for lifting Plaintiff off the ground by the handcuffs, but it failed to state any other cognizable claims. (ECF No. 13.) The Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the cognizable claim identified by the Court. (*Id.*) On September 23, 2026, Plaintiff notified the Court of his willingness to proceed on the cognizable claim against Defendant Manuel Perez. (ECF No. 16.)

///

## II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### A. Plaintiff's Allegations

Plaintiff is currently housed in High Desert State Prison, in Susanville, California. Plaintiff alleges the events in the complaint occurred when Plaintiff was housed at North Kern State Prison. Plaintiff names Manuel Perez, officer, as the sole defendant. Plaintiff sues Defendant in both his official and individual capacities.

Plaintiff alleges a claim for Eighth and Fourteenth Amendment[1] violation for excessive

---

[1] Although Plaintiff alleges a violation of the Fourteenth Amendment, a prisoner's claim of excessive force constitutes cruel and unusual punishment in violation of the Eighth Amendment. The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment, not the Fourteenth Amendment as alleged. *Hudson v*

force. Plaintiff alleges as follows:

> Officer Manuel Perez at North Kern State Prison retaliated against the Plaintiffs right to 602 – officer Manuel Perez came into the plaintiffs cell and handcuffed the Plaintiff above his wrist with knee in back and lifted Plaintiff off ground by cuffs with cuffs too tight and caused with deliberate indifference injury to the Plaintiff's right wrist. i.e. superficial radial nerve causing permanent damage and need for surgery which occurred on April 10th 2025. (ECF NO. 1, unedited text.)

Plaintiff alleges he suffered permanent injury to his right wrist to the superficial radial nerve and had surgery. Plaintiff seeks monetary damages because he has a ruined career in construction local 185.

**B. Discussion**

**1. Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Plaintiff has failed to set forth sufficient facts to support a cognizable claim, except as noted below. Plaintiff's allegations are conclusory and merely list a retaliation claim against a defendant without stating sufficient facts to allege a retaliation claim.

**2. Official Capacity**

Plaintiff may not pursue his claims for monetary damages against the named defendant in his official capacity. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dep't. of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh

---

*McMillian*, 503 U.S. 1, 5 (1992) (citations omitted).

Amendment does not bar suits seeking damages against state officials in their personal capacities, *Hafer v. Melo*, 502 U.S. 21, 30 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003), or suits for injunctive relief brought against state officials in their official capacities, *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 680 n.2 (9th Cir. 1991). Thus, Plaintiff may only proceed in this action for monetary damages against defendant in his individual capacity.

**3. Eighth Amendment – Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986) ). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321–22. Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9. De minimis uses of physical force do not violate the constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Plaintiff states a cognizable claim for excessive force for Defendant Perez lifting Plaintiff off the ground by the handcuffs. However, Plaintiff fails to state a cognizable claim for excessive

force for too tight handcuffs. Plaintiff does not allege he told the Defendant that the handcuffs were hurting and causing injuries and asked to loosen the cuffs. *See Gonzalez v. City of Phoenix*, 163 F.4th 1289, 1303 (9th Cir. 2026) ("We have repeatedly held that force can be unreasonable when undue pressure caused by physical restraints is not alleviated.") (citing *Wall v. County of Orange*, 364 F.3d 1107, 1112 (9th Cir. 2004) (officers used excessive force "in making the arrest and continuing the restraint by handcuffs that hurt and damaged [arrestee's] wrist."); *LaLonde v. County of Riverside*, 204 F.3d 947, 960 (9th Cir. 2000) (allegations that officers "tightly handcuffed [arrestee] and refused to loosen the cuffs when he complained" raised a factual dispute on plaintiff's excessive force claim)). "In general, in cases where tight handcuffing was found to constitute excessive force, the plaintiff was in visible pain, repeatedly asked the defendant to remove or loosen the handcuffs, had pre-existing injuries known to the defendant, or alleged other forms of abusive conduct by the defendant." *Armstrong v. Cnty. of Plumas*, No. 2:25-CV-0904 SCR P, 2025 WL 2483476, at *6 (E.D. Cal. Aug. 28, 2025)

**4. First Amendment - Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

To state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (citation omitted). Mere allegations of retaliatory motive or conduct will not suffice, and not

every allegedly adverse action will support a retaliation claim. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on "the logical fallacy of *post hoc*, *ergo propter hoc*, literally, 'after this, therefore because of this'") (citation omitted)). In addition, the plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. *Rizzo*, 778 F.2d at 532.

Plaintiff's complaint does not state a cognizable retaliation claim against Defendant Perez. Plaintiff's conclusory allegation that Perez "retaliated" is insufficient. While Plaintiff alleges he 602'ed Defendant Perez, Plaintiff fails to allege any facts that Defendant Perez knew of the 602 or that the events took place near the time Perez learned of the 602. Plaintiff fails to allege that any conduct chilled Plaintiff's First Amendment rights or that it did not reasonably advance a legitimate correctional goal.

## III. Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim against Defendant Manuel Perez in his individual capacity for excessive force in violation of the Eighth Amendment for lifting Plaintiff off the ground by the handcuffs. However, Plaintiff's complaint fails to state any other cognizable claim for relief against any other individual.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed on July 28, 2026, against Defendant Manuel Perez in his individual capacity for excessive force in violation of the Eighth Amendment for lifting Plaintiff off the ground by the handcuffs; and
2. All other claims be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be**

**considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 25, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE